FILED

APR 24 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

R. M., a minor student, by and through his parents S.M. and M.M.,

Plaintiff-Appellant,

v.

GILBERT UNIFIED SCHOOL DISTRICT,

Defendant-Appellee.

No. 17-16722

D.C. No. 2:16-cv-02614-JJT

MEMORANDUM*

Appeal from the United States District Court
for the District of Arizona
John Joseph Tuchi, District Judge, Presiding

Argued and Submitted April 11, 2019
Pasadena, California

Before: GRABER and BYBEE, Circuit Judges, and HARPOOL,** District Judge.

Plaintiff R.M. appeals an adverse district court judgment in this action under

the Individuals with Disabilities Education Act ("IDEA"). The district court held

that the Gilbert Unified School District's ("District") proposed January 2016

---

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

** The Honorable M. Douglas Harpool, United States District Judge for the Western District of Missouri, sitting by designation.

individualized education program ("IEP") provided Plaintiff with a "free appropriate public education" ("FAPE") in the least restrictive environment as required by the IDEA. 20 U.S.C. § 1412(a)(1)(A), (5)(A). We have jurisdiction under 28 U.S.C. § 1291, and determine de novo "[w]hether a proposed IEP constitutes a FAPE," giving deference to the ALJ's findings if "thorough and careful." Baquerizo v. Garden Grove Unified Sch. Dist., 826 F.3d 1179, 1184 (9th Cir. 2016) (internal quotation marks omitted). We affirm.

1. Plaintiff argues that the District inappropriately increased his special education service minutes by 20 minutes per day, reducing the time that he spends in the general education classroom. Using the analysis set forth in Sacramento City Unified School District v. Rachel H., 14 F.3d 1398 (9th Cir. 1994), we hold that the school district appropriately increased Plaintiff's special education service minutes by 20 minutes per day. See Baquerizo, 826 F.3d at 1188 (stating that, even when the other factors weigh in favor of mainstreaming, the student's academic needs "weigh[] most heavily against a mainstream environment"); Poolaw v. Bishop, 67 F.3d 830, 836 (9th Cir. 1995) ("[T]he IDEA is primarily concerned with the long term educational welfare of disabled students."); cf. Endrew F. v. Douglas Cty. Sch. Dist., 137 S. Ct. 988, 1001 (2017) ("The IDEA demands more [than de minimis progress]. It requires an educational program

2

reasonably calculated to enable a child to make progress appropriate in light of the child's circumstances.").

2. Additionally, Plaintiff argues that the District's proposed move from Ashland Ranch Elementary to Pioneer Elementary was a change in "placement" that should be analyzed under our 1994 decision in Sacramento City Unified School District v. Rachel H. First, we hold that this proposal was a change in "location" only. See Rachel H. v. Haw. Dep't of Educ., 868 F.3d 1085, 1090 (9th Cir. 2017) (defining "location"); N.D. v. Haw. Dep't of Educ., 600 F.3d 1104, 1115–16 (9th Cir. 2010) (defining "educational placement" and outlining when a change in "educational placement" occurs); Sacramento City Unified Sch. Dist. v. Rachel H., 14 F.3d at 1403–04 (adopting the Rachel H. test to determine compliance only with educational placement requirements, 20 U.S.C. § 1412(a)(5)(B)). Second, the great weight of the testimony offered during the hearing established that Plaintiff's needs could best be met at Pioneer Elementary because of its Academic SCILLS classroom. Accordingly, the proposed change in location did not violate Plaintiff's rights under the IDEA.

**AFFIRMED.**